UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   SACV 20-00772-PSG (PD)                              Date: June 8, 2020

Title   Jason Loyd Ross v. Barbara Von Blanckensee

Present: The Honorable:   Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) Order to Show Cause Why Petitioner's 28 U.S.C. § 2241 Petition Should Not be Dismissed

    Petitioner is a federal prisoner who is confined at the United States Penitentiary in Tucson, Arizona. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In his Petition, he contends that criminal charges have been lodged against him in Orange County, California, and that an arrest warrant for him was lodged with the Bureau of Prisons.[1] Petitioner alleges that he "sought a speedy disposition" of the charges, "but the Orange County DA [] refused to prosecute or remove the warrant/detainer." [Dkt. No. 1 at 4.] As a result, Petitioner alleges that his rights under the Fifth and Fourteenth Amendments have been violated, as well as his rights under the Interstate Agreement on Detainers Act, and that he is unable to qualify for

---

[1] Petitioner references Orange County Superior Court of California case no. 15 CF 1980. According to the docket for that case, Petitioner was charged in that court with two counts of bringing or selling a controlled substance into jail/prison, and one count of sale or transport of a controlled substance. *See* docket available at https://www.occourts.org/online-services/cases-access/.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 20-00772-PSG (PD)  Date: June 8, 2020

Title  Jason Loyd Ross v. Barbara Von Blanckensee

halfway house placement and other prison programs because of the warrant. [Dkt. No. 1 at 4.]

As to relief sought, Petitioner states the following: "Writ of habeas corpus that (1) quashes the Orange County/California warrants [;] and (2) enjoins the respondent from adverse classifications relating to the warrant." [Dkt. No. 1 at 9.]

On April 20, 2020, the United States District Court for the District of Arizona transferred the petition to the United States District Court for the Central District of California. [Dkt. No. 5.]

## DISCUSSION

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition, even if the petition is not filed pursuant to Section 2254. Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4.

The Petition raises significant screening concerns regarding whether Petitioner exhausted available state remedies, whether he complied with the procedural requirements of the Interstate Agreement on Detainers Act ("IAD"), and whether this Court has jurisdiction over the Bureau of Prison's ("BOP") determinations concerning Petitioner's participation in rehabilitative programs and placement in a halfway house.

First, although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that a district court abstain until all state criminal proceedings are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 20-00772-PSG (PD)                              Date: June 8, 2020

Title   Jason Loyd Ross v. Barbara Von Blanckensee

completed and the petitioner exhausts available judicial state remedies, unless the petitioner can show that special circumstances warrant federal intervention prior to the state criminal trial.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 44-46 (1971) (under principles of comity and federalism, a federal court should not intervene in a pending state criminal prosecution absent extraordinary circumstances where the danger of irreparable harm is both great and immediate, and cannot be eliminated by defense against the prosecution).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972).

*Younger* abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal constitutional challenges.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992), *cert. denied,* 506 U.S. 1054 (1993).  In *Carden,* the Ninth Circuit held that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Carden,* 626 F.2d at 84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Here, all three criteria for *Younger* abstention appear to be met with respect to the criminal proceeding still pending against Petitioner in Orange County Superior Court.  Moreover, Petitioner has failed to allege the type of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 20-00772-PSG (PD)                              Date: June 8, 2020

Title     Jason Loyd Ross v. Barbara Von Blanckensee

special circumstances that warrant federal intervention.  Rather, it appears that Petitioner's speedy trial claim should be addressed in the first instance by the trial court, and then by the state appellate courts, before Petitioner seeks a federal writ of habeas corpus.

    Second, Petitioner offers no indication that he complied with the procedural requirements of the IAD, which provides a mechanism for the expeditious and orderly disposition of untried charges pending in member states other than the one in which a prisoner is presently incarcerated.  *See Carchman v. Nash*, 473 U.S. 716, 719-720 (1985).  The IAD, codified under California statutory law by Penal Code section 1389, is "an agreement between California, 47 other states, and the federal government," facilitating the resolution of detainers, based on untried indictments, informations or complaints filed in one jurisdiction, against defendants who have been imprisoned in another jurisdiction. *People v. Lavin*, 88 Cal. App. 4th 609, 612 (2001).  Under the IAD, "[a] detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *Id.*, at 612, quoting *United States v. Mauro,* 436 U.S. 340, 359 (1972).  The lodging of a detainer is more than mere notice that an inmate is wanted in another jurisdiction.  A detainer asks the institution to "hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *People v. Oiknine*, 79 Cal. App. 4th 21, 23 (1999).  A "formal detainer" must be filed before an inmate may invoke the provisions of the IAD.  *People v. Rhoden*, 216 Cal. App. 3d 1242, 1251 (1989).

    The IAD establishes a procedure under which a prisoner, against whom a detainer has been lodged, may demand trial within 180 days of a written request for final disposition properly delivered to the prosecutor and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 20-00772-PSG (PD)                              Date: June 8, 2020

Title     Jason Loyd Ross v. Barbara Von Blanckensee

appropriate court of the prosecutor's jurisdiction. Cal. Penal Code § 1389, Art. III(a).[2]

"In order to take advantage of the sanction of dismissal, the prisoner must comply with the procedural requirements of the IAD." *Lavin,* 88 Cal. App. 4th at 616; *see also Johnson v. Stagner,* 781 F.2d 758, 761-62 (9th Cir. 1986). The prisoner has the burden to show that a request for a speedy trial has been made. *See United States v. Moline*, 833 F.2d 190, 192 (9th Cir. 1987).

Here, the Court cannot determine what steps, if any, Petitioner took to comply with the procedural requirements of the IAD. Petitioner failed to submit any evidence, declaration, or proof of any of the allegations.

Finally, to the extent Petitioner claims that his due process rights are violated by the alleged adverse effects of the pending warrant on his ability to participate in institutional or rehabilitative programs and/or placement in a halfway house, that argument is rejected. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (rejecting claim that pending warrant, which may carry adverse

---

[2] A prisoner must also comply with Art. III, subdivision (b) which states that "the prisoner shall give or send the notice and request to the warden, commissioner of corrections or other official having custody of the prisoner." [¶] The warden then prepares a certificate "stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." (*See* Cal. Penal Code § 1389, Art. III, subd. (b).)

1NITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 20-00772-PSG (PD)                              Date: June 8, 2020

Title      Jason Loyd Ross v. Barbara Von Blanckensee

consequences for prison inmate regarding prison classification or qualification for institutional programs, automatically activates due process rights).

To the extent Petitioner challenges the Bureau of Prison ("BOP's") individualized determination regarding his placement in a residential drug abuse program ("RDAP"), the Court lacks jurisdiction to consider such claims. *See Brown v. Ives,* 543 Fed. Appx. 636, 637 (9th Cir. 2013) (district court properly concluded that it lacked jurisdiction to consider BOP's individualized determination concerning placement).

Accordingly, on or before **July 10, 2020**, Petitioner is ordered to show cause, in writing, (a) why this action should not be summarily dismissed; or (b) file a Notice of Voluntary Dismissal of the action.  **The Court Clerk is directed to provide Petitioner a copy of Form CV-09 – Notice of Dismissal for his convenience.**

**Failure to file a timely response to this Order as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

:
Initials of Preparer   im